# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE   )
           )
  v.        )   I.D. No.:  2303013972
           )
NATHANIEL COOPER   )


Submitted: January 29, 2024
Decided:  March 13, 2024


## OPINION


***Upon Consideration of Defendant's Motion to Disclose
Grand Jury Witness's Identity* – DENIED.**


Kevin Smith, Esquire, Deputy Attorney General, Dover, Delaware. *Attorney for the State of Delaware.*

Tasha Stevens-Gueh, Esquire, Dover, Delaware. *Attorney for Defendant Nathaniel Cooper*.


**GREEN-STREETT, J.**

## I.     Introduction

A Kent County grand jury indicted Defendant Nathaniel Cooper on July 3, 2023.[1]  Mr. Cooper now seeks to compel the State to disclose the identity of the witness that presented evidence against Mr. Cooper to the grand jury.[2]  Taking issue with the fairness of Kent County's entire grand jury process, Mr. Cooper cites Superior Court Criminal Rule 6(e)(3)(C)(ii) to support the instant Motion to Disclose Grand Jury Witnesses' Identity ("Motion 2").[3]  Mr. Cooper further contends that, if the witness before the grand jury lacked personal knowledge of Mr. Cooper's case, the presentment to the grand jury was constitutionally defective.[4]

The identity of the witness before the grand jury, standing alone, does not constitute valid grounds for dismissal, nor does the lack of disclosure of that identity amount to constitutional deficiency.  Accordingly, for the reasons set forth below, Mr. Cooper's motion must be **DENIED**.

---

[1] State v. Cooper, Id. No. 2303013972, D.I. 13.

[2] Def.'s Mot. to Disclose Grand Jury Witnesses' Identity at 1.

[3] Id.

[4] Id. at 2.

## II.    Factual and Procedural Background

Mr. Cooper's indictment stems from an arrest on March 25, 2023.[5] Before his indictment, Mr. Cooper filed a Motion to Record Grand Jury Testimony ("Motion 1").[6] In response to that motion, this Court requested "supplemental argument from the parties," and that the parties "identify any persuasive authority" relevant to the motion.[7]

Before hearing arguments, the Court entered a provisional order requiring the State to "record the witness testimony before the grand jury if [the State] sought to indict [ ] Mr. Cooper" before the Court's decision.[8] Because of that provisional order, the State arranged to record the witness testimony leading to Mr. Cooper's indictment.[9] The Court then dismissed Motion 1 as moot.[10] Mr. Cooper was indicted

---

[5] State v. Cooper, Id. No. 2303013972, D.I. 13.

[6] Def.'s Mot. to Disclose Grand Jury Witnesses' Identity at 1; Mr. Cooper's Motion to Record Grand Jury Testimony was accompanied by an identical motion filed by a separate defendant, see State v. Ponzo, 302 A.3d 1006, 1012 (Del. Super. 2023).

[7] Ponzo, 302 A.3d at 1012.

[8] Id.

[9] Def.'s Mot. to Disclose Grand Jury Witnesses' Identity at 1.

[10] Ponzo, 302 A.3d at 1014 (Although Motion 1 was ultimately moot, the Court decided Mr. Ponzo's identical motion on the merits. The Court concluded that, although the Kent County grand jury process is flawed, Mr. Ponzo was not entitled to compel the State to record grand jury testimony.).

on July 3, 2023. The indictment charges Mr. Cooper with two counts of Possession of a Firearm by a Person Prohibited, 11 Del. C. § 1448(a)(1).[11]

During oral argument for Motion 1,[12] the State articulated the standard process for presenting evidence to the grand jury.[13] The State reiterated that process during oral argument for Motion 2. Typically, each agency sends "a single representative" to testify regarding each of the cases that agency intends to present to the grand jury.[14] That representative, who frequently lacks personal knowledge of at least some of the cases she presents, relays information from the police report, or similar documents, to the grand jury.[15] As to the witness who presented evidence against Mr. Cooper to the grand jury, the State represented it does not intend to call that witness at trial.[16]

## III.    The Parties' Contentions

Mr. Cooper raises two main arguments in support of Motion 2. First, he argues that, if the witness who presented evidence to the grand jury lacked personal

---

[11] State v. Cooper, Id. No. 2303013972, D.I. 13.

[12] Although the Court ultimately dismissed Motion 1 as moot, Mr. Cooper, through counsel, participated in oral argument along with Mr. Ponzo; see Ponzo, 302 A.3d at 1013.

[13] Def.'s Mot. to Disclose Grand Jury Witnesses' Identity at 1.

[14] Tr. of Oral Arg. at 19:14-23.

[15] Id. at 20:1-3.

[16] Id. at 21:1-8.

knowledge of Mr. Cooper's case, Mr. Cooper may have a particularized basis for a motion to dismiss as required by Superior Court Criminal Rule 6(e)(3)(C)(ii) ("Rule 6").[17] He alleges that a witness who lacks any personal knowledge related to the case before the grand jury cannot be a competent witness.[18] Mr. Cooper contends that, were he armed with the identity of the witness that testified before the grand jury, he would have a sufficient basis to request the transcript of the grand jury proceeding assuming that the witness lacked personal knowledge of Mr. Cooper's case.[19]

Second, Mr. Cooper posits that the State's practice of having each agency send a singular representative to present evidence pertaining to all of its cases before the grand jury is unconstitutional.[20] Mr. Cooper argues that this practice effectively deprives him of his right to a fair indictment by allowing the State to rely exclusively on police reports read to the grand jury by a person with limited personal knowledge

---

[17] Def.'s Mot. to Disclose Grand Jury Witnesses' Identity at 1.

[18] Tr. of Oral Arg. at 7:1-10.

[19] Id. at 7:16-20.

[20] Id. at 9-10.

about the case.[21] Given his assertion that the grand jury process is constitutionally defective, Mr. Cooper suggests that he does not need to show any prejudicial effect.[22]

The State disagrees with any assertion of a constitutional defect and insists that the standard outlined by Rule 6 should apply.[23] The State contends that Mr. Cooper centers his motion on an evidentiary issue – whether a basis for a motion to dismiss exists when the grand jury receives only hearsay evidence.[24] The State expounds that the Supreme Court of the United States has already decided this issue for the corresponding right to a grand jury indictment in federal cases, and held that a grand jury indictment may be based entirely on hearsay.[25]

## IV.     **Standard of Review**

Superior Court Criminal Rule 6(e) governs the disclosure of grand jury proceedings. Generally, grand jury proceedings are subject to a veil of secrecy.[26]

---

[21] Id. at 11:11-19.

[22] Id. at 11:1-10; see also Bank of Nova Scotia v. United States, 487 U.S. 250, 257 (1988) (holding that grand jury proceedings which involved discrimination based on race or sex were fundamentally unfair and allowed for the presumption of prejudice to the defendant).

[23] Tr. of Oral Arg. at 16:19-23.

[24] Id. at 17:7-22.

[25] Costello v. U.S., 350 U.S. 359, 363 (1956); see also Ellegood v. State, 782 A.2d 263 (Del. 2001) (holding that a defendant has "no right to challenge the adequacy of the evidence underlying an indictment.").

[26] Del. Super. Ct. Crim. R. 6(e)(2).

6

The Court may permit disclosure of otherwise secret grand jury proceedings "at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury."[27] The defendant must show (1) "that the public interest in disclosure of the proceeding overrides the public interest in maintaining the secrecy of the Grand Jury proceeding; or (2) that the primary and traditional reasons for maintaining the veil of secrecy around the Grand Jury proceedings are no longer operative."[28] The defendant must demonstrate his need for disclosure of the grand jury proceedings "with particularity[,] so that the secrecy of the proceedings may be lifted discretely and limitedly."[29]

## V. Analysis

### A. Mr. Cooper fails to demonstrate that the presentation of evidence to the grand jury was constitutionally defective

The constitutionality of the grand jury process in Kent County, as it pertains to each agency sending a single representative to present that agency's cases, is a matter of first impression for this Court. As many states forgo the use of a grand

---

[27] Del. Super. Ct. Crim. R. 6(e)(3)(C)(ii).

[28] Petition of Jessup, 136 A.2d 207, 218 (Del. Super. 1957).

[29] Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 221, (1979) (internal quotations omitted) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958)).

jury,[30] this Court turns to persuasive authority found at the federal level.  This Court takes guidance primarily from a pair of cases decided by the Second Circuit Court of Appeals – United States v. Estepa[31] and United States v. Brito[32] – regarding the presentation of evidence to federal grand juries.

### 1. **An overview of Estepa and Brito**

In Estepa, the Second Circuit reversed a conviction and dismissed an indictment after reviewing a grand jury process similar to the process that occurs in Kent County.[33]  There, the defendant's indictment derived from the testimony of a single witness.[34]  That witness possessed, at best, a limited role in investigating the defendant.[35]

As the evidence presented against the defendant consisted mostly of second-hand regurgitation, the Second Circuit "condemned the casual attitude" the prosecution showed by not presenting a witness with first-hand knowledge of the

---

[30] Ponzo, 302 A.3d at 1010 (citing Wayne R. LaFave et al., Indictment Jurisdictions, 4 Crim. Proc. § 15.1(d) (4th ed. 2022) ("Delaware is one of 18 states that, in addition to the District of Columbia and the federal system, guarantees the accused a right to indictment by a grand jury on felony charges.")).

[31] 471 F.2d 1132, 1133 (2d Cir. 1972).

[32] 907 F.2d 392, 393 (2d Cir. 1990).

[33] Estepa, 471 F.2d at 1137.

[34] Id. at 1134.

[35] Id.

investigation.[36]  The Second Circuit noted "many opinions in which [it] affirmed convictions despite the Government's needless reliance on hearsay evidence before the grand jury."[37]  The Second Circuit outlined its requirements for affirming those convictions: (1) "that the prosecutor [did] not deceive grand jurors as to the shoddy merchandise they [were] getting[,] so they [could] seek something better if they [wished];"[38] and (2) "that the case [did] not involve a high probability that[,] with eyewitness rather than hearsay testimony[,] the grand jury would not have indicted."[39]  Ultimately, Estepa held that, although the procedure of using a single representative with limited personal knowledge to present evidence to a grand jury suffers from several defects, those defects do not automatically require the indictment's dismissal.[40]

The Second Circuit again confronted this flawed process of presenting evidence to a grand jury in Brito.  There, the Second Circuit again "look[ed] with disfavor on all [those] shortcomings" inherent in sending a single, unconnected

---

[36] Id. at 1135.

[37] Id. at 1137.

[38] Id. (internal quotations omitted) (quoting United States v. Payton, 363 F.2d 996, 1000 (2d Cir. 1966) (Friendly, J., dissenting)).

[39] Id. (internal quotations omitted) (quoting United States v. Leibowitz, 420 F.2d 39, 42 (2d Cir. 1969)).

[40] Id.

witness to present evidence.[41]  It warned against "exalt[ing] expedience at the expense of fundamental fairness."[42]

The Second Circuit declined, however, to dismiss the indictment in Brito.[43] First, it found that it "[could not] conclude at this time [ ] that the single-witness policy constitutes such 'systemic and pervasive' prosecutorial misconduct as would undermine fundamental fairness."[44]  Next, the Second Circuit found that the testifying witness and the prosecutor both warned the grand jury that the evidence presented consisted entirely of hearsay, and that the testimony provided by the witness was accurate.[45]  As the grand jury was not "misinformed or misled" by the presentation of the evidence, the defendants suffered no prejudice.[46]  Because the

---

[41] Brito, 907 F.2d at 395.

[42] Id.

[43] Id.

[44] Id.; see also Bank of Nova Scotia, 487 U.S. at 259 (noting that "prosecutorial misconduct, spanning several cases, that is so systematic and pervasive as to raise a substantial and serious question about the fundamental fairness of the process which resulted in the indictment" may be grounds for dismissing an indictment.); see also United States v. Serubo, 604 F.2d 807, 818 (3d Cir. 1979) (holding "that dismissal of an indictment may be proper even where no actual prejudice has been shown, if there is evidence that the challenged activity … has become entrenched and flagrant in the circuit."); but see United States v. Martino, 825 F.2d 754, 759 (3d Cir. 1987) (observing that, even in cases of extreme prosecutorial misconduct, the court always considers whether the defendant suffered prejudice).

[45] Brito, 907 F.2d at 395-96.

[46] Id. at 396.

defendants were not prejudiced, the Second Circuit declined to dismiss the indictment against them.[47]

## 2. **Application of the federal standard to Mr. Cooper's motion**

Mr. Cooper seeks the identity of the witness that presented evidence against him before the grand jury. Mr. Cooper alleges that the State used a fundamentally unfair procedure to present evidence to the grand jury.[48] He posits that, because of this fundamental unfairness, his motion should be granted even absent a showing of prejudice.[49]

As outlined by the cases referenced above, circumstances exist in which a constitutionally defective indictment would require dismissal. As those cases hold, however, a defendant must show more than Mr. Cooper has demonstrated here. The mere fact that the sole witness testifying against him may have lacked personal knowledge of the case does not rise to the level of constitutional defect. Further, the disclosure of the identity of the witness, standing alone, does not form the basis for a motion to dismiss. Absent a showing that the procedure used by the State has become "entrenched and flagrant" in Kent County, this Court cannot consider if that procedure falls into the same vein of misconduct that led other courts to dismiss

---

[47] Id.

[48] Tr. of Oral Arg. at 8:6-22.

[49] Id.

indictments.[50]  As the identity of the witness that testified against Mr. Cooper does not materially advance such a showing, the Court will not pierce the veil of secrecy afforded to grand jury witnesses in furtherance of Mr. Cooper's alleged constitutional argument.[51]

**B.  Mr. Cooper fails to show a particularized basis for granting his motion**

Having found Mr. Cooper's constitutional argument to be lacking, this Court must instead apply the standard prescribed by Rule 6 for disclosing grand jury proceedings.  Mr. Cooper must show either (1) "the public interest in disclosure of the proceeding overrides the public interesting in maintaining the secrecy of the Grand Jury proceeding;" or (2) "the primary and traditional reasons for maintaining the veil of secrecy around the grand jury proceedings are no longer operative."[52]  Mr. Cooper fails to show either.

---

[50] Serubo, 604 F.2d at 818.

[51] The State has represented that this procedure **is** the standard in Kent County, see Tr. of Oral Arg. at 19:14-18.  But Mr. Cooper's instant motion seeks the identity of a single grand jury witness, which would not demonstrate either (1) that the State consistently uses only one witness per agency to present to the grand jury; or (2) that this practice by the State rises to a level of fundamental unfairness as to be constitutionally defective.  Because the identity of the witness alone does not meet the requisite threshold for the Court to dismiss the indictment based on a constitutional defect, the Court cannot engage in an analysis of the constitutionality of the procedure used by the State at this time.

[52] Petition of Jessup, 136 A.2d at 218.

An indictment may be based entirely on hearsay evidence.[53] Mr. Cooper takes issue with the manner in which the State presented that evidence, but concedes that hearsay evidence alone may justify an indictment.[54] Mr. Cooper further conceded that, "[i]f there is no constitutional defect, then it's not a situation where an indictment could be dismissed."[55] As previously outlined, the identity of the witness that presented evidence against Mr. Cooper to the grand jury *alone* would not form a sufficient basis for a motion to dismiss the indictment. Accordingly, Mr. Cooper cannot show disclosure of that witness's identity "overrides the public interest in maintaining the secrecy of the Grand Jury proceeding."[56]

Mr. Cooper argues that, if he knew the identity of the witness, and could show that the witness had no personal knowledge pertaining to Mr. Cooper's case, that information would support a future motion seeking disclosure of the recorded grand jury testimony.[57] The standard outlined by Rule 6, however, requires Mr. Cooper to show grounds may exist for a motion to dismiss. The Court will not order disclosure of any information protected by the veil of secrecy afforded to grand jury testimony

---

[53] Costello, 350 U.S. at 363.

[54] Tr. of Oral Arg. at 9:1-6.

[55] Id. at 10:12-14.

[56] Jessup, 136 A.2d at 218.

[57] Tr. of Oral Arg. at 13-20.

absent a showing that Mr. Cooper may have grounds for a motion to dismiss.  Mr. Cooper's suggested approach of allowing him access to grand jury records gradually to afford him a basis for future motions, rather than a motion to dismiss, fails to comply with that prescribed standard.

Likewise, Mr. Cooper has failed to demonstrate that "the primary and traditional reasons for maintaining the veil of secrecy around the Grand Jury proceedings are no longer operative."[58]  Encouraging witnesses to testify freely is one of the "primary and traditional reasons behind requiring secrecy of the grand jury proceedings."[59]  Allowing defendants to compel disclosure of a witness's identity – in hopes of findings grounds for a future motion – would undermine the freedom and secrecy typically afforded grand jury witnesses.  Mr. Cooper has not advanced any arguments to the contrary, and thus cannot show that this "traditional reason for maintaining the veil of secrecy is no longer operative."[60]

## VI.    Conclusion

Mr. Cooper has failed to advance a constitutional argument that overcomes the intentionally high bar set for grand jury secrecy.  He has also failed to show

---

[58] State v. Webster, 2015 WL 13697701, at *4 (Del. Super. Nov. 20, 2015) (internal quotations omitted) (quoting Jessup, 136 A.2d at 218.)

[59] Id.

[60] Id.

14

entitlement to disclosure under Rule 6. Therefore, for the foregoing reasons, Mr.

Cooper's motion must be **DENIED**.

      **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge